IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARNETTA SWIFT (NEE) HILL, and CHARLES SWIFT, | |
| Plaintiffs, | 8:17CV440 |
| vs. | MEMORANDUM AND ORDER |
| BRENDA OSLER, | |
| Defendant. | |

Plaintiffs Arnetta Swift (Nee) Hill and Charles Swift filed their Complaint (Filing No. 1) on November 15, 2017, and have been granted leave to proceed in forma pauperis (Filing No. 5). The court now conducts an initial review of Plaintiffs' Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiffs allege that Defendant Brenda Osler ("Osler") abused their minor children while the children were placed with Osler in foster care between June and November of 2016. Plaintiffs allege that they reported their concerns about the abuse and the children's safety to Debra Barnett and Angie Williams with Nebraska Family Collaborative; Plaintiffs' GAL, Marriette Achibu; and Matthew Kahler.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious

claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

Plaintiffs indicate their action is filed pursuant to 42 U.S.C. § 1983. To state a § 1983 cause of action, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). As will be discussed below, there are several problems with Plaintiffs' Complaint.

**A.    Jurisdiction**

2

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (i.e., in a civil action arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

Here, Plaintiffs caption their action as a "1983 civil action," (Filing No. 1), but fail to allege that Osler is a state actor or that her conduct is attributable to the state. *See West*, 487 U.S. at 49 ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"); *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983."). Consequently, there is no discernible "federal question" alleged in the Complaint as Plaintiffs have failed to state a claim under 42 U.S.C. § 1983.

Moreover, Plaintiffs have not alleged that Osler is a citizen of a different state nor have they alleged that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332.[1] Thus, the allegations of the Complaint fail to establish diversity of citizenship jurisdiction.

**B. Plaintiffs' Standing**

In addition to the Complaint's jurisdictional deficiencies, Plaintiffs do not allege that they were deprived of any rights, privileges or immunities, or were injured in any way. Rather, it appears Plaintiffs are attempting to claim that their

---

[1] In fact, Plaintiffs' Complaint does not specify the relief they seek whatsoever. (*See generally* Filing No. 1.) Complaints filed in federal court must contain "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3).

3

minor children's constitutional rights were violated. "[P]arents lack standing to bring individual claims under § 1983 based solely upon deprivation of a child's constitutional rights." *Phillips ex rel. Green v. City of New York*, 453 F. Supp. 2d 690, 734 (S.D.N.Y. 2006). Plaintiffs might be able to sue in a representative capacity as the child's legal guardians. *See* Fed. R. Civ. P. 17(a)(1)(C) ("The following may sue in their own names without joining the person from whose benefit the action is brought: . . . a guardian . . . .") and (c)(1)(A) ("The following representatives may sue or defend on behalf of a minor or incompetent person: . . . a general guardian . . . ."). Alternatively, they might be able to sue as their child's "next friends." *See* Fed. R. Civ. P. 17(c)(2). In either case, Plaintiffs will need to allege facts to show their authority to bring suit on behalf of the child.

### IV. CONCLUSION

The allegations of the Complaint fail to establish the court's subject matter jurisdiction over Plaintiffs' claims or Plaintiffs' standing to bring their claims. On the court's own motion, Plaintiffs will have 30 days in which to file an amended complaint that clearly sets forth (1) a basis for this court's jurisdiction, (2) Plaintiffs' standing, and (3) the relief Plaintiffs seek.

IT IS THEREFORE ORDERED that:

1. Plaintiffs will have 30 days in which to file an amended complaint. Failure to file an amended complaint within 30 days will result in the court dismissing this action without further notice to Plaintiffs.

2. The clerk of the court is directed to set the following pro se case management deadline: **January 8, 2018**: check for amended complaint.

Dated this 8th day of December, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge